UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY ABERNATHY,

       Petitioner,

                                   CASE NO. 2:08-CV-14663
v.                                    HONORABLE VICTORIA A. ROBERTS

UNITED STATES MARSHAL SERVICE,

       Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING
PETITION FOR WRIT OF HABEAS CORPUS**

**I.    Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2241. Gary Abernathy ("Petitioner") is a federal pre-trial detainee currently incarcerated at the Wayne County Jail in Detroit, Michigan. In his pleadings, he alleges violations of his speedy trial rights and the lack of an arraignment, judicial and prosecutorial misconduct, ineffective assistance of counsel, retaliation and vindictive prosecution, and conspiracy in his federal criminal case which is pending before this Court. Petitioner seeks immediate release from custody.

Petitioner previously moved to dismiss his criminal case on speedy trial grounds, but this Court denied his motion. Petitioner has also filed a prior federal habeas petition raising claims similar to those raised in this petition, which was dismissed without prejudice as premature. *See Abernathy v. United States Marshal Service*, No. 2:08-CV-14169 (E.D. Mich. Oct. 14, 2008)

1

(Cleland, J.).[1]  For the reasons set forth herein, the Court similarly dismisses without prejudice this habeas petition.

**II.     Discussion**

Promptly after the filing of a petition for writ of habeas corpus, a federal district court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition.  *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).

A federal court has discretion to apply Rule 4 to summarily dismiss facially insufficient habeas petitions brought under 28 U.S.C. § 2241.  *See* Rule 1(b), Rules Governing § 2254 Cases; *Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).  The court may summarily dismiss a habeas petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief.  *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases.  No response to the petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the government.  *See Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

---

[1]The Court obtained this information from its own database.  A federal court is permitted to take judicial notice of its own records.  *See United States v. Rigdon,* 459 F.2d 379, 380 (6th Cir. 1972); *Hargrove v. Howes*, No. 05-CV-73839-DT, 2005 WL 3021966, *1, n. 1 (E.D. Mich. Nov. 10, 2005) (citing cases).

As noted, Petitioner is a federal pre-trial detainee who is challenging the constitutionality of his ongoing criminal proceedings before this Court. He asserts a speedy trial violation, as well as other constitutional claims, and seeks immediate release from custody. A state pretrial detainee may bring a federal habeas action to demand a speedy trial, but may not generally seek habeas relief to forestall state prosecution altogether. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-91 (1973). Additionally, although 28 U.S.C. § 2241 establishes federal court jurisdiction to consider pretrial habeas petitions, courts abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits or by other available state procedures. *See Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). Similarly, a habeas petition brought pursuant to 28 U.S.C. § 2241 is an inappropriate remedy for a federal pre-trial detainee to allege that he is being held in custody in violation of his right to a speedy trial or other constitutional trial rights. *See Hargrove v. Howes*, No. 05-CV-73839-DT, 2005 WL 3021966, *1 (E.D. Mich. Nov. 10, 2005) (citing *Kotmair v. United States*, 143 F. Supp. 2d 532, 534 (E.D.N.C. 2001)). "[P]rinciples of judicial economy and efficiency weigh against allowing federal defendants to file separate habeas petitions where an appropriate remedy is available with the trial court." *Id.* When a federal pre-trial detainee's habeas claims would be dispositive of pending federal criminal charges, those claims must be exhausted at trial and on direct appeal before habeas corpus relief may be available. *See Sandles v. Hemingway*, 22 Fed. Appx. 557 (6th Cir. 2001) (citing *Moore v. United States*, 875 F. Supp. 620, 624 (D. Neb. 1994); *Flowers v. Edwards*, 780 F.2d 1020, 1984 WL 13977, *1 (6th Cir. Nov. 18, 1985) (unpublished)).

Petitioner seeks immediate release from custody in this case and the issues he raises in

his habeas petition would be dispositive of the underlying federal criminal charges. Petitioner must therefore exhaust his claims at trial and on direct appeal before he can maintain a habeas action. He has not done so.[2] Petitioner must await resolution of his claims on direct appeal, should he be convicted, before he may pursue federal habeas relief. This action is premature.

**III.    Conclusion**

For the reasons stated, the Court concludes that the present habeas petition is premature and that the Court cannot grant Petitioner the relief he seeks in this action. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.

**IT IS SO ORDERED**.


S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  November 10, 2008

> The undersigned certifies that a copy of this document was served on the attorneys of record and Gary Abernathy by electronic means or U.S. Mail on November 10, 2008.
>
> s/Carol A. Pinegar
> Deputy Clerk

---

[2]Petitioner raised his speedy trial claim in his criminal proceedings before this Court and was denied relief, but the United States Court of Appeals for the Sixth Circuit has ruled that it lacks jurisdiction over an interlocutory appeal of that claim. *See United States v. Abernathy*, No. 08-1778 (6th Cir. Aug. 5, 2008).